## Philip Gollner Company, Appellant, v. David D. Hepburn et al., Appellees.

### Gen. No. 23,648.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918.

### Statement of the Case.

Bill by Philip Gollner Company, a corporation, complainant, against David D. Hepburn and Elizabeth Hepburn, defendants, to enforce a lien under Rev. St. ch. 82, sec. 21 (J. & A. ¶ 7159). From a judgment for defendants, complainant appeals.

D. J. NORMOYLE, for appellant.

ADAMS, CREWS, BOBB & WESCOTT, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 68*—*when shown that defendant not timely served with notice of claim by subcontractor.* On appeal from a judgment in a proceeding to enforce a lien in favor of a subcontractor under Rev. St. ch. 82, sec. 21 (J. & A. ¶ 7159), evidence *held* sufficient to support a finding that the subcontractor had not served defendant with a written notice of his claim within 60 days from the date of the last delivery of material.

2. MECHANICS' LIENS, § 197*—*when presumed that payment for material was due subcontractor on delivery.* Where it does not

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appear from the statement of claim in a proceeding to enforce a subcontractor's lien under Rev. St. ch. 82, sec. 21 (J. & A. ¶ 7159), when the material furnished was to be paid for, it will be presumed that the payment was due on delivery thereof, and such suit to enforce the lien will be barred when not begun within 4 months after the delivery.

3. LIENS, § 2*—*when right to lien denied.* The right to a lien is a privilege bestowed by the statutes upon a particular class of persons and will be denied where the person claiming under the statutes has failed to bring himself within their terms.